DECISION.
Defendant-appellant, Ivan Boykins, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of receiving stolen property. He was found guilty of the offense after entering a plea of no contest.
Boykins filed a motion to suppress on the basis that the officer lacked probable cause to arrest and that therefore the stolen property found on his person was recovered in violation of his Fourth Amendment rights. At the hearing on the motion to suppress, the officer testified that he saw Boykins at a bus stop at approximately 2:00 a.m. Uncertain as to Boykins's age, the officer approached Boykins to determine if he was in violation of the city of Cincinnati's curfew ordinance. The officer asked Boykins how old he was, and Boykins answered that he was eighteen years old. Unconvinced, the officer asked for Boykins's name. Boykins replied, "I don't have to tell you shit."
The officer testified that, for his own safety, he then placed Boykins in handcuffs. The officer asked if he could search Boykins's person prior to placing him in the back of the police cruiser, and Boykins consented. It was during that search that the stolen property was recovered.
Boykins claims, in his sole assignment of error, that the trial court erred in overruling his motion to suppress. He concedes that the officer possessed reasonable suspicion to conduct an investigative stop pursuant to Terry v. Ohio.[1]
He contends, however, that the act of handcuffing him and placing him in the cruiser constituted an arrest. He further argues that the officer lacked probable cause to make an arrest and that any evidence obtained in conjunction with his being handcuffed and placed in the police cruiser should have been suppressed. We disagree.
In the course of an investigative stop, the officer may take reasonable measures to ensure his own safety.[2] The reasonableness of an intrusion depends upon the unique facts of each case.[3] Even the complete deprivation of a suspect's freedom does not automatically convert a Terry stop into an arrest if the methods of restraint are reasonable under the circumstances.[4] It has therefore been held that handcuffing a suspect and placing him in a police cruiser do not necessarily constitute an arrest.[5]
Thus, the issue we must address is whether the officer's conduct in handcuffing Boykins and placing him in the back of the cruiser was reasonable to effectuate the investigative stop. We hold that the officer was justified in his actions. In the instant case, the officer was alone at night when he confronted Boykins. Boykins would not cooperate with the officer's investigation of the possible curfew offense beyond stating that he was eighteen years old. On the contrary, Boykins answered the officer in a belligerent manner, prompting the officer to detain Boykins while he continued the investigation. The officer testified that he believed the restraint to be necessary for his own safety, and the facts in the record support that testimony.
Under these circumstances, the officer was justified in handcuffing Boykins and placing him in the cruiser until the investigation could be completed.[6] This detention did not convert the Terry stop into an arrest, pursuant to the authorities cited above. Therefore, the state did not need to demonstrate probable cause to arrest, and the evidence obtained through Boykins's consent while he was detained was not required to be suppressed.
Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
 Doan, P.J., concurs.
Painter, J., concurs separately.
[1] (1968), 392 U.S. 1, 88 S.Ct. 1868. We also note that Boykins does not challenge the validity of his consent to search.
[2] See id.; State v. Benedict (Nov. 3, 1995), Washington App. No. 94 CA 28, unreported.
[3] Id.
[4] See United States v. Crittendon (C.A.4, 1989),883 F.2d 326, 329.
[5] See Benedict, supra; United States v. Kapperman (C.A.11, 1985), 764 F.2d 786.
[6] We cannot accept Boykins's assertion that the officer was required merely to accept Boykins's assertion that he was eighteen years old and cease his investigation. Given the conceded validity of the Terry stop, we hold that the officer was justified in his continued attempt to determine whether an offense was being committed.